NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**BETSY FADEN,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

_____

2013-3167

_____

Petition for review of the Merit Systems Protection Board in No. NY-0752-12-0231-I-1.

_____

Decided: January 16, 2014

_____

BETSY FADEN, of Montrose, New York, pro se.

LINDSEY SCHRECKENGOST, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief was BRYAN G. POLISUK, General Counsel.

_____

Before RADER, *Chief Judge,* LOURIE, and MOORE, *Circuit Judges.*

PER CURIAM.

Betsy Faden appeals from the decision of the Merit Systems Protection Board (Board) dismissing her appeal as untimely without a showing of good cause for delay in filing. *Faden v. Dep't of Veterans Affairs*, NY-0752-12-0231-I-1 (M.S.P.B. July 2, 2013) (Final Order). Because we hold that substantial evidence supports the Board's findings and the Board did not abuse its discretion or otherwise err, we *affirm*.

BACKGROUND

The Department of Veterans Affairs removed Ms. Faden from her position at the agency in April 2012. Ms. Faden, represented by counsel, submitted an appeal of the removal decision via the Board's electronic filing (e-filing) system seven calendar days after the May 29, 2012 deadline. Because the appeal was untimely filed and Ms. Faden had not requested an extension, the Administrative Judge (AJ) ordered Ms. Faden to show good cause for the delay.

In response, Ms. Faden and her attorney, Mr. Anthony M. Giordano, submitted affidavits regarding the chain of events that underlie this appeal. Mr. Giordano stated that on May 23, 2012, with Ms. Faden present, he attempted to e-file the appeal, and it "appeared accepted." J.A. 38 ¶ 6. On May 24, the Board automatically sent an email to Mr. Giordano with the subject line, "Your appeal has not been submitted," which explained how to complete the process. J.A. 40. Mr. Giordano later claimed that he did not "notice or respond" to this email, but acknowledged reviewing a second, identical email on May 25. J.A. 38 ¶ 9, 41. He stated that he tried to access the e-filing system, but "it appeared the system was down." *Id.* On May 26, he received a third copy of the same email, tried to access the e-filing system around May 27, but again it "appeared the system was down." J.A. 38 ¶ 10, 42. Mr. Giordano claims he "assumed" that "[o]nce the

system returned," it would accept the appeal without further action on his part.   J.A. 38 ¶ 11.

The morning of May 29—the filing deadline—Ms. Faden emailed Mr. Giordano to report that the e-filing system was functioning.  She also wrote that it did not appear that Mr. Giordano had e-filed the submission, and asked whether she should take action.   In the mid-afternoon, Mr. Giordano replied that Ms. Faden should "[s]ubmit it by mail then."  J.A. 59.  Neither Ms. Faden nor Mr. Giordano mailed (or otherwise sent) any materials.  Less than one hour later, however, Ms. Faden sent Mr. Giordano an email attaching the document that he had tried to e-file, and asked him to review it.  She stated that "[e]ither you or I need to finalize" the submission, and asked "[w]hat else do I need to do?"  *Id.*  Mr. Giordano did not respond.  He later explained that he had been out of office from May 30 until June 3.  Seven days after the deadline lapsed, Ms. Faden e-filed the appeal by herself.

The AJ dismissed the appeal, finding that Ms. Faden had not proved good cause for the delay by a preponderance of the evidence.  The Board adopted the AJ's decision and denied Ms. Faden's petition for review.  First, the Board found that, because Mr. Giordano had undisputedly received three reminders that his e-filing was unsuccessful, he could not reasonably have believed otherwise.  Second, the Board found that Ms. Faden was not reasonably diligent in ensuring timely filing despite technical issues.  The Board acknowledged that its e-filing system was not functioning "on May 24 from 8:18 a.m. to 8:38 a.m." and "4:00 p.m. on May 27 until 4:30 a.m. on May 29." *Final Order*, at *5.  It nonetheless found that "there was nothing to prevent the appellant from successfully [e-filing] . . . on May 23, May 24, May 25, or May 26, or at any time after 4:30 a.m. on May 29." *Id.*  The Board also stated that Ms. Faden or Mr. Giordano could have mailed or faxed the appeal at any time, and could have requested help with the e-filing system.

Ms. Faden appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

"Delay is excusable where, under the circumstances, a petitioner exercises diligence or ordinary prudence. The burden is on the petitioner to demonstrate excusable delay." *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc). "[W]aiver of the time limit for appealing is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Rowe v. Merit Sys. Prot. Bd.*, 802 F.2d 434, 437 (Fed. Cir. 1986). Accordingly, we may reverse the Board's decision only if it is arbitrary, an abuse of discretion, or otherwise not in accordance with the law. *Id.*; 5 U.S.C. § 7703(c)(1)–(3).

Ms. Faden argues that the Board refused to accept the evidence and affidavits that she and Mr. Giordano submitted. She argues that these materials establish good cause for the delay in filing.

The government responds that the Board considered the full record and appropriately concluded that Ms. Faden had not shown excusable delay. It argues that Ms. Faden did not establish circumstances beyond her control that prevented a timely filing. The government argues that Ms. Faden ignored her attorney's direction to mail her appeal due to e-filing difficulties. It argues there is no dispute that Ms. Faden could have e-filed her appeal at any time other than the documented system down time, or otherwise filed it at any time.

We cannot conclude under the circumstances of this case that the Board's decision not to waive the filing deadline was an abuse of discretion. "It is well settled that a person is bound by the consequences of his representative's conduct, which includes both his acts and omissions." *Rowe*, 802 F.2d at 437. A petitioner "cannot

escape the consequences of the lateness of his appeal that was filed . . . after the deadline, even though [petitioner] himself acted in good faith in relying on the advice and actions of his attorney." *Id.* at 438.

Substantial evidence supports the Board's finding that Mr. Giordano could not reasonably have believed he had successfully completed the e-filing. Mr. Giordano undisputedly reviewed notices from the Board stating that the e-filing was incomplete. Each notice explained that, "[y]ou may receive up to 3 reminders, after the third no more reminders will be sent." J.A. 40–42. These notices squarely contradict Mr. Giordano's assertion that, because he "received no further notice," after the third one, he "assumed that meant [the e-filing] went through." J.A. 38 ¶ 12. This record certainly supports the Board's conclusion that Mr. Giordano's excuses for his inaction were unreasonable.

Substantial evidence also supports the Board's finding that Ms. Faden, herself, was insufficiently diligent in ensuring timeliness. The Board found, and Ms. Faden does not dispute, that nothing prevented her or her attorney from mailing or faxing her appeal at any time during the relevant period. While Ms. Faden did alert Mr. Giordano that the e-filing was incomplete, she did not follow his instruction to mail the submission.

Ms. Faden's situation is sympathetic, but the Board did not abuse its discretion in concluding that she did not establish that she could not have submitted her appeal on time. We therefore affirm the Board's denial of Ms. Faden's petition for review.

## CONCLUSION

We have considered Ms. Faden's remaining arguments and do not find them persuasive.

**AFFIRMED**

## Costs

Each party shall bear its own costs.